COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


DAVID DOLAN
                                        MEMORANDUM OPINION*
v.    Record No. 1188-00-1                   PER CURIAM
                                        NOVEMBER 28, 2000
TINA DOLAN


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Philip L. Russo, Judge

              (Cheshire I'Anson Eveleigh; Wolcott, Rivers,
              Wheary, Basnight & Kelly, P.C., on brief),
              for appellant.

              (Debra C. Albiston; Kaufman & Canoles, P.C.,
              on brief), for appellee.


     David Dolan (husband) appeals from an order entered by the

circuit court.  He contends the trial court abused its discretion

by refusing to allow him to remove the parties' minor children

from Virginia to Indiana.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

## Background

     By decree entered January 8, 1999, the trial court granted

the parties a divorce and awarded the parties joint legal

custody of the two minor children.  Husband received sole

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

physical custody of the children "subject to full and reasonable rights of visitation being reserved" for wife. The trial court ratified, affirmed and incorporated in the decree a stipulation and agreement dated December 10, 1998, in which the parties agreed that "[v]isitation shall include three consecutive weekends to Wife, . . . then one like weekend to Husband." Wife also received "two two-week non-consecutive visits with the children each summer." In addition, the parties prepared a detailed visitation schedule for holidays.

On April 23, 1999, wife filed a petition in the juvenile and domestic relations district court seeking primary physical custody of the minor children in anticipation of husband's recent decision to move to another state and take the children with him.

On January 12, 2000, the trial court conducted a hearing and heard evidence on husband's request to relocate the children to his hometown, Michigan City, Indiana, and on mother's request for physical custody to prevent husband from removing them from Virginia.

Husband lives with the two children in Virginia Beach. Wife pays child support and lives in northern Virginia. She regularly travels to Virginia Beach for visitation. Wife has a daughter from another marriage with whom the minor children have a close relationship. Wife explained that when she travels to Virginia Beach, she has a room at the home of a couple that have

-

known the children since birth and with whom the children are very close.

Husband and wife described their respective employment situations and their involvement with the children.  They identified and discussed persons who are available to help care for the children.  Husband described his employment history, the job he was offered in Michigan City, Indiana, his hometown, and the advantages of having many relatives in Indiana to assist him with the children.  The evidence demonstrated that the greater distance between Indiana and northern Virginia would reduce the number of visits wife presently is able to manage.

Dr. Kollar, a child psychologist, testified that the children love both parents.  She agreed that it was important for the two young girls, born in 1992 and 1994, respectively, to have frequent contact with their mother.  Dr. Kollar also explained that the youngest child has difficulty being away from husband for long periods and that, under the present visitation scheme, husband is available if needed.

### Permanently Removing a Child from Virginia

"A court may forbid a custodial parent from removing a child from the state without the court's permission, or it may permit the child to be removed from the state."  It is well settled that the child's best interest is the criterion against which such a decision must be measured.  Such a decision is a matter of discretion to be exercised by the court, and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.

-

Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d 319, 322 (1996) (quoting Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986)).

In considering whether relocating will be in a child's best interest, the court must consider whether "the benefits of the [parent-child] relationship can[] be substantially maintained if the child is moved away from the non-custodial parent" and, if not, the relocation may not be in the child's best interest. Scinaldi, 2 Va. App. at 575, 347 S.E.2d at 151.

Factors that a trial court should consider in determining whether a move from Virginia is in the child's best interest include: the relative economic advantages and disadvantages between the two locations; the educational and cultural opportunities available at both locations; the presence and availability of extended family members or support persons to assist the parent at both locations; the present physical, emotional and cognitive development of the children in their present Virginia location; the present involvement and roles played by the respective parents in the care, education and development of the children; and the effect on visitation by the noncustodial parent if the move were allowed. See Carpenter v. Carpenter, 220 Va. 299, 302, 257 S.E.2d 845, 848 (1979).

After hearing extensive evidence from numerous witnesses, the trial court concluded that the best interests of the children would not be served by allowing husband to remove them

-

from Virginia and relocate them to Indiana.  The trial court

explained:

> There is no doubt in my mind . . . that the
> children would have a close relationship
> with [husband's] relatives in Michigan City,
> but that's not the question.  The question
> is, is it more important and in the best
> interests of the children to have a close
> relationship with his relatives by moving
> the children to Michigan City, or is it more
> important to have a continued relationship
> with their mother?  And in my opinion, the
> continued relationship with their mother can
> only be brought about by maintaining [the]
> status quo and by not moving the children to
> Michigan City.

That decision was supported by the evidence and was not

plainly wrong.  Accordingly, the decision of the circuit court

is summarily affirmed.

Affirmed.
